UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-039-FDW-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| DERRELL ROMARIO BLACK, | ) ) | |
| Defendant. | ) ) | |

THIS MATTER is before the Court on Defendant's Objections to the United States Magistrate Judge's Memorandum and Recommendations ("M&R") (Doc. No. 25). The M&R (Doc. No. 21) recommended that Defendant's Motion to Suppress (Doc. No. 15) be DENIED. After reviewing the briefs, testimony, and evidence presented before the Magistrate Judge, for the reasons set forth, the Court OVERRULES Defendant's Objections, ACCEPTS and ADOPTS the M&R, and DENIES Defendant's Motion to Suppress.

**I.      STANDARD OF REVIEW**

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Federal Rule of Criminal Procedure 59(b)(1). If a party timely files "specific written objections" to the proposed recommendations, the "district judge must consider de novo any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(2)-(3); see also 28 U.S.C. § 636. The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the

1

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. BACKGROUND

Defendant Derrell Romario Black ("Defendant") is charged in a one count bill of indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Doc. No. 10). Defendant, through counsel, filed a "Motion To Suppress Evidence" on June 16, 2017. (Doc. No. 15). Defendant contends that he was unlawfully seized in violation of the Fourth Amendment, and that, as a result, any evidence obtained as a result of the illegal seizure should be suppressed. (Doc. No. 15). The United States Government contends that the seizure was the result of a legal Terry stop and frisk. (Doc. No. 16). The Magistrate Judge conducted an evidentiary hearing on July 27, 2017, and entered an M&R recommending that Defendant's Motion to Suppress be denied. (Doc. No. 21). Defendant filed a timely objection to the M&R on September 13, 2017. (Doc. No. 25).

Defendant does not lodge any specific objections to the procedural history or facts contained in the M&R. Therefore, the Court hereby adopts and incorporates by reference the portion of the M&R entitled "Procedural Background" and "Factual Summary" and turns to Defendant's objections.

## III. ANALYSIS

Defendant objects to the Magistrate Judge's findings that (1) "the testimony clearly establishes a legal Terry stop based on reasonable suspicion leading to the seizure of the firearm" and (2) "the testimony of Officer Blue was very credible and credits his version of the events." (Doc. No. 25). Defendant contends that Officer Blue's belief that Defendant was armed does not provide reasonable suspicion for a Terry stop and that Officer Blue exceeded the scope of the Terry stop. (Doc. No. 15 at 5-6). Defendant also argues that two prior events, which led to disciplinary

action by his employer, call into question Officer Blue's credibility. The Court disagrees.

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. Under Terry v. Ohio, "police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" United States v. Sokolow, 490 U.S. 1, 7 (1989) (citing Terry, 392 U.S. 1, 30 (1968)). The reasonable suspicion standard is not particularly onerous, but requires "more than an inchoate and unparticularized suspicion or 'hunch[.]'" Id. (quoting Terry, 392 U.S. at 27).

The Court determines the existence of reasonable suspicion by examining the "totality of the circumstances," considering "all information available to an officer and any reasonable inferences to be drawn at the time of the decision to stop a suspect." United States v. Crittendon, 883 F.2d 326, 328 (4th Cir. 1989); see also United States v. McCoy, 513 F.3d 405, 411 (4th Cir. 2008) ("[T]he Supreme Court has often counseled lower courts to give 'due weight' to the factual inferences drawn by police officers as they investigate crime, for the reasonable suspicion analysis is by its nature 'officer-centered.'" (internal citations omitted)). In making this determination, the Fourth Circuit has held that "[c]ourts are not remiss in crediting the practical experience of officers who observe on a daily basis what transpires on the street." United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993). "Judicial review of the evidence offered to demonstrate reasonable suspicion must be commonsensical, focused on the evidence as a whole, and cognizant of both context and the particular experience of officers charged with the ongoing tasks of law enforcement." United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008).

During a Terry stop, police have authority to conduct a frisk of a suspect's outer clothing for weapons "where [the officer] has reason to believe that he is dealing with an armed and dangerous individual." Terry, 392 U.S. at 27. "The officer need not be absolutely certain that the

3

individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Id.

Considering the totality of the circumstances here, the Court finds that Officer Blue's testimony was credible and that Officer Blue had reasonable suspicion to seize Defendant and conduct a frisk. Officer Blue has been a patrol officer for nine years, and his two infractions in those nine years did not involve the truthfulness and reliability of Officer Blue's testimony. (Tr. 7-8). Officer Blue's credibility is also bolstered by the fact that the testimony of Defendant's girlfriend, Ms. Crystal Johnson ("Johnson"), corroborated many of the material facts, to which he testified. Officer Blue testified that face-to-face with him, informants at the Midnight Diner identified Defendant and informed Officer Blue that Defendant drew a firearm, cocked it, and pointed it at them. (Tr. 15, 17, 19-20). Therefore, Officer Blue had a reasonable suspicion that Defendant was in possession of a firearm <u>and</u> that Defendant had committed the crime of assault by pointing a gun, N.C. Gen. Stat. § 14-34. Because the totality of the circumstances amply support a finding of reasonable suspicion that criminal activity was afoot, and because Officer Blue had a reasonable belief that his safety or that of others was in danger, Officer Blue's actions were proper under the Fourth Amendment.

The Court also concludes that Officer Blue's conduct did not exceed the scope of a Terry stop and frisk. Officer Blue testified that he ordered Defendant to stop several times as Defendant left the Midnight Diner, but Defendant disobeyed and continued walking. (Tr. 18). Eventually, Defendant stopped, and Officer Blue frisked Defendant after informing him that he needed to frisk him for his and his partner's safety. (Tr. 18). The testimony of Johnson corroborates that Officer Blue told Defendant to stop but that Defendant ignored the order. (Tr. 49, 51-52). However, she testified that Officer Blue tackled Defendant, but then later testified that Officer Blue grabbed

Defendant by the arm and threw him against the car to conduct a search when Defendant did not stop. (Tr. 50; 52). The Court finds Officer Blue's testimony of the events more credible based on its review of the evidence, and the contradictions in Johnson's testimony, and as such, Officer Blue did not exceed the scope of a legal stop and frisk.

## IV.    CONCLUSION

IT IS THEREFORE ordered that Defendant's Objections to the M&R are OVERRULED. The Court hereby ACCEPTS and ADOPTS the M&R and DENIES Defendant's Motion to Suppress (Doc. No. 15).

IT IS SO ORDERED.

Signed: September 19, 2017

Frank D. Whitney
Chief United States District Judge